IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 NOV -7  AM 9:06
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

EUE J. JEONG,
          Plaintiff,

-vs-                                            Case No. A-14-CA-920-SS

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically pro se Plaintiff Eue J. Jeong's Motion to Remand [#6] and Defendant Federal National Mortgage Association (Fannie Mae)'s Response [#7] thereto, and Defendant's Motion to Dismiss [#5], to which Plaintiff has failed to respond. Having reviewed the documents, the arguments of the parties, the governing law, and the file as a whole, the Court enters the following opinion and orders.

### Background

This is a mortgage foreclosure action concerning the real property located at 601 Fairfield Drive, Kyle, Texas 78640. The factual record before the Court is quite thin, as Plaintiff's Original Petition is long on legal jargon and short on even the most basic factual allegations. Nowhere do the documents before the Court, for example, even set forth the precise legal relationship between the parties, let alone indicate when Plaintiff executed the Note and Deed of Trust encumbering the property or trace the movement of those documents. As best the Court can ascertain, it appears Fannie Mae is the assignee of the Deed of Trust associated with Plaintiff's mortgage, *see* Orig. Pet.

[#1-1] at 3 ("The Deed of Trust in which Defendant's [sic] assert an interest which interferes with Plaintiff's title is invalid . . ."), some other unnamed entity presently holds the Note, *see id.* at 3, 4 ("Defendant's [sic] surrendered their status as holder in due course of the Plaintiff's note . . . . Plaintiff contends that Defendant did not have the original note . . ."), and Fannie Mae has initiated foreclosure proceedings against the property, presumably because Plaintiff is in default, *see id.* at 4 ("Defendant . . . should be both temporarily and permanently enjoined from proceeding against the subject property.").

Plaintiff initiated this action on August 21, 2014 by filing his Original Petition in the 201st District Court of Travis County, Texas, bringing claims for quiet title, trespass to try title, and adverse possession against Fannie Mae. Fannie Mae removed on October 3, 2014, invoking this Court's diversity jurisdiction, and promptly filed a motion to dismiss Plaintiff's claims. Plaintiff did not file a response to the motion to dismiss, but did file a motion to remand.

**Analysis**

**I.      Motion to Remand**

Plaintiff contends removal was improper because "Plaintiff paid off the entire remaining $103,618.88 mortgage for the subject property by wire transfer on November 2nd, 2013." Alternatively, Plaintiff asks the Court to exercise *Burford*, *Younger*, or *Pullman* abstention. Fannie Mae argues removal was proper because Plaintiff and Fannie Mae are citizens of different states, the amount in controversy exceeds $75,000, and there are no issues warranting abstention in this case. The Court agrees with Fannie Mae.

A.  **Diversity Jurisdiction in Removed Cases**

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have original jurisdiction over civil actions between "citizens of different States," where the amount in controversy is over $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, the removal statute states diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

B.  **Application**

As Plaintiff is domiciled in Texas, he is a citizen of Texas. *See* Orig. Pet. [#1-1] at 3 (characterizing the subject property as his "homestead or home"). Fannie Mae is a citizen of the District of Columbia for purposes of diversity jurisdiction. 12 U.S.C. § 1717(a)(2)(B); *see also, e.g., Pinela-Navarro v. BAC Home Loans Servicing LP*, No. EP-11-CV-131-PRM, 2011 WL 3666586, at *1 (W.D. Tex. July 29, 2011) (noting Fannie Mae is a citizen of the District of Columbia). Thus, there is complete diversity of citizenship between the parties.

As Plaintiff does not specify the amount of damages he seeks in his original petition, Fannie Mae must establish by a preponderance of the evidence the amount in controversy exceeds $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (removing defendant must so show where state court petition does not include a specific monetary demand).

This requirement is met if it is either facially apparent the claims are likely to exceed $75,000, or if Fannie Mae adduces "summary judgment type evidence" which supports such a finding. *See id.* Fannie Mae attached to its Notice of Removal an appraisal from the Hays County Central Appraisal district valuing the property at $134,080. Notice Removal [#1], Ex. C-1. Plaintiff's allegation he paid the mortgage in full in November 2013 does not change the analysis, as whether Plaintiff owes on the mortgage is directly in issue. Consequently, Fannie Mae has shown the amount in controversy exceeds $75,000, and removal was proper.[1]

Further, the Court sees no reason under *Burford*, *Pullman*, or *Younger* to abstain from hearing this utterly garden-variety mortgage foreclosure action. Plaintiff's motion to remand is denied.

## II.     Motion to Dismiss

As an initial matter, as Plaintiff has failed to respond to Fannie Mae's motion to dismiss, the Court grants the motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motion.

### A.     Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a

---

[1] The Court further notes it has federal question jurisdiction over all suits to which Fannie Mae is a party. *See, e.g., Lightfoot v. Cendant Mortg. Corp.*, —F.3d—, 2014 WL 4922246, at *1 (9th Cir. Oct. 2, 2014) (citing *Am. Red Cross v. S.G.*, 505 U.S. 247 (1992)) (holding Fannie Mae's federal charter confers federal question jurisdiction over all claims brought by or against Fannie Mae).

motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.     Application**

It appears Plaintiff's petition relies chiefly on the discredited bifurcation and show-me-the-note theories, both of which are grounded in the idea "'only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure.'" *Ray v. CitiMortgage,*

*Inc.*, No. A-11-CA-441-SS, 2011 WL 3269326, at *3–4 (W.D. Tex. July 25, 2011) (quoting *Stein v. Chase Home Fin., LLC*, Civ. No. 99-1995, 2010 WL 4736828, at *3 (D. Minn. Aug. 13, 2010) (internal quotation omitted)). As will surprise virtually no one reading this Order given Texas courts' repeated rejection of both theories since they began circulating in 2009, both theories are meritless. This Court has explained as much in great detail. *See Ray*, 2011 WL 3269326 at *3–4. A mortgage servicer or holder of a deed of trust may foreclose under Texas law regardless of whether it holds the note. *See, e.g., Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, no pet.).

1.  **Quiet Title & Trespass to Try Title**

Both quiet title and trespass to try title actions require the plaintiff recover on the strength of his own title, not the weakness of his adversary's title. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.). To prevail in a trespass-to-try-title action, a plaintiff must (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof possession was not abandoned. *Martin*, 133 S.W.3d at 265. Similarly, a suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove." *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.) (mem. op.).

Any alleged "cloud" on Plaintiff's title is tied to the theories rejected above. Plaintiff's original petition does not establish the strength of his own title, nor allege any actual weakness in

Defendant's interest in the property, and therefore fails to state a claim either to quiet title or for trespass to try title. The Court notes, however, Plaintiff's allegation in his Motion to Remand he paid off the balance of the mortgage in November 2013. Given the presence of this allegation (albeit outside the four corners of the Complaint) the Court will afford the pro se Plaintiff one opportunity to amend his Complaint to state a valid claim.

2.  **Adverse Possession**

In Texas, "adverse possession" means "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE § 16.021(1). To prevail on a claim under § 16.021, the plaintiff must show possession was "actual, visible, continuous, notorious, distinct, hostile, and of such . . . character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant" for a period of three, five, or ten years, depending on the specific circumstances of the case. *Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (internal quotation omitted); *Natural Gas Pipeline Co. v. Pool*, 124 S.W.3d 188, 193–94 (Tex. 2003). Specifically with respect to mortgagors in default who claim adverse possession, the statutory period does not begin to run until title to the property passes at the foreclosure sale. *Warnecke v. Broad*, 161 S.W.2d 453, 455 (Tex. 1942). Here, it appears the foreclosure sale has not yet occurred. Consequently, Plaintiff's adverse possession claim fails.

## Conclusion

Plaintiff has failed to demonstrate this case should be remanded, failed to state any claim on which relief can be granted, and failed to show he is entitled to any relief in either law or equity. Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand [#6] is DENIED;

IT IS FURTHER ORDERED that Defendant Federal National Mortgage Association's Motion to Dismiss [#5] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Eue J. Jeong's claims are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that Plaintiff shall have TWENTY DAYS from date of entry of this order in which to file an amended complaint, or this case will be closed.

SIGNED this the 6th day of November 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE